UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-60722-DIMITROULEAS/STRAUSS

EREMI MONCION,

 Plaintiff,

v.

BROWARD COUNTY, FLORIDA,

 Defendant.

_____/

## REPORT AND RECOMMENDATION

Currently pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 20].  Because Plaintiff seeks leave to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply here.  Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Because Plaintiff has failed to state a claim on which relief may be granted, I respectfully **RECOMMEND** that this action be **DISMISSED** and that all pending motions be **denied as moot**.

## BACKGROUND

This is the third case Plaintiff has filed in this Court complaining about events that occurred in a state court lawsuit against him, Broward County Case No. COCE22056436.  *See* [DE 9] ¶ 13.  First, in February 2025, Plaintiff sued the Broward County Clerk of Courts and the Broward Sheriff Department (Case No. 25-cv-60320).  That case was dismissed.  *See* No. 25-cv-60320, ECF No. 6 (S.D. Fla. Feb. 27, 2025).  Second, in March 2025, Plaintiff sued the party who obtained a

judgment against Plaintiff in the state court lawsuit (Case No. 25-cv-60422).  That case was also dismissed.  *See* No. 25-cv-60422, ECF No. 7 (S.D. Fla. Mar. 20, 2025).

Third, Plaintiff filed this action against Broward County.  Upon screening Plaintiff's initial Complaint [DE 1], I determined that Plaintiff's Complaint was subject to dismissal because it failed to state a claim on which relief may be granted.  *See* [DE 6].  Nevertheless, I provided Plaintiff an opportunity to file an amended complaint to see if he could rectify the deficiencies with his Complaint.  *See id.*  I explained to Plaintiff that in preparing his amended complaint:

> Plaintiff should ensure that he complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[1]  In accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do."  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face."  *Id.* at 555, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[DE 6] at 2.

---

[1] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).  Moreover, *pro se* litigants are required to comply with procedural rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

Additionally, I outlined various deficiencies with Plaintiff's initial Complaint, including that Plaintiff's Complaint was replete with conclusory allegations and that it failed to include any factual allegations. For instance, I noted that notwithstanding Plaintiff's allegations that he repeatedly requested assistance and accommodations, Plaintiff failed to include any allegations regarding what he requested and from whom. *Id.* at 2-3. I also observed that Plaintiff's allegations regarding Defendant's maintenance of "policies or customs" failed to identify any of the policies or customs at issue. *Id.* at 3.

On March 30, 2026, Plaintiff filed an Amended Complaint [DE 9]. Plaintiff's Amended Complaint, which is the operative complaint,[2] contains three counts, styled as: (1) Violation of Due Process (42 U.S.C. § 1983); (2) Violation of the ADA; and (3) Municipal Liability. The third count, however, does not assert any separate claim. Rather, the allegations in Count 3 pertain to Defendant's alleged liability for Plaintiff's § 1983 claim (Count 1).

---

[2] Although Plaintiff filed a document styled as a Second Amended Complaint [DE 19] on May 26, 2026, he failed to obtain leave of court as required under Fed. R. Civ. P. 15(a). Notably, on May 21, 2026, I informed Plaintiff that if he "is seeking to have additional allegations considered as part of his amended complaint, he *must seek leave* to file an amended complaint containing such allegations." [DE 18] at 2 n.2 (emphasis added). Nevertheless, Plaintiff did not seek or obtain leave to file a second amended complaint, so the Amended Complaint [DE 9] remains the operative complaint. At any rate, Plaintiff's purported Second Amended Complaint [DE 19] is still replete with labels and conclusions and would not remedy the deficiencies with Plaintiff's Amended Complaint. Moreover, the Second Amended Complaint does not state claims in separate counts in accordance with Fed. R. Civ. P. 10(b). It is unclear whether the Second Amended Complaint is even intended to be a pleading. The introductory paragraph refers to the filing as an "Amended Motion in support of Plaintiff's federal civil rights and ADA claims . . . ." And unlike Plaintiff's initial Complaint and Amended Complaint, the Second Amended Complaint does not request damages. Instead, it appears to include several requests that are not legally cognizable forms of relief. Rather, Plaintiff requests that the Court consider certain evidence and issues.

## DISCUSSION

### A.  ADA CLAIM

Plaintiff fails to state a claim under the Americans with Disabilities Act (ADA).  In Count 2 of the Amended Complaint, Plaintiff incorporates his general allegations and also alleges that he "is a qualified individual with disabilities," that "Defendant failed to provide reasonable accommodations," and that "Plaintiff was denied meaningful access to court proceedings and services."  [DE 9] ¶¶ 42-44.  Thus, Plaintiff appears to be alleging a violation under Title II of the ADA.  "Under Title II, 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'"  *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (quoting 42 U.S.C. § 12132).

To state a claim under Title II,

> a plaintiff must establish "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability."

*Id.* at 1134 (quoting *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007)).

Because Plaintiff seeks damages, he must also show that Defendant "engaged in intentional discrimination, which requires a showing of 'deliberate indifference.'"  *Id.* (citation omitted); *see also Lewis v. Sheriff, Fulton Cnty. Ga.*, 166 F.4th 107, 114 (11th Cir. 2026) ("To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant." (quoting *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345 (11th Cir. 2012))).  "'Deliberate indifference' . . . is an 'exacting standard'" that "requires proof that 'the defendant knew that harm to a federally protected right was substantially

4

likely and . . . failed to act on that likelihood.'" *Silberman*, 927 F.3d at 1134 (internal citations omitted). And to "hold a government entity liable, the plaintiff must demonstrate that an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the entity's behalf had actual knowledge of discrimination in the entity's programs and failed adequately to respond." *Id.* (cleaned up).

Here, assuming Plaintiff is a qualified individual with a disability, he has plainly failed to plausibly allege that the other requirements necessary to maintain a Title II claim are met. As with his initial Complaint, Plaintiff's Amended Complaint fails to include well-pled factual allegations. Count 2 itself merely contains a threadbare recital of some of the elements of a Title II ADA claim, which is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). And there are no allegations – conclusory or otherwise – of intentional discrimination or deliberate indifference.

At any rate, the factual allegations section of the Amended Complaint fails to contain any factual allegations backing up Plaintiff's conclusory allegations in Count 2 that Defendant failed to provide reasonable accommodation and that Plaintiff was denied meaningful access. *See* [DE 9] ¶¶ 13-38, 41-44. In his factual allegations section, Plaintiff generally alleges that he did not receive proper notice of, or meaningfully participate in, certain court proceedings, including summary judgment proceedings that resulted in the entry of summary judgment against Plaintiff. *See id.* ¶¶ 19-20. Plaintiff also includes a subsection titled "Failure to Provide ADA Accommodations" in which he alleges that he "required reasonable accommodations due to his disabilities" and "clear notice, assistance understanding proceedings, and additional time," but that

"[n]o ADA accommodations were provided" and that "[n]o ADA procedures or accommodation information were communicated to Plaintiff." *Id.* ¶¶ 24-27.

As to the "Failure to Provide ADA Accommodations" allegations in paragraphs 24-27 of the Amended Complaint, they are conclusory.  Notwithstanding my prior indication to Plaintiff that he should include allegations regarding what accommodations he required, what he requested, and from whom, *see* [DE 6], Plaintiff plainly did not include any such factual allegations in his Amended Complaint.  Thus, Plaintiff has plainly failed to remedy deficiencies that I specifically pointed out to him and that I afforded him an opportunity to remedy.

Plaintiff's allegations regarding notice of hearings and the ability to meaningfully participate are also conclusory.  Moreover, Plaintiff's allegations, and in particular his allegations regarding the summary judgment proceedings that resulted in the entry of summary judgment against him, are plainly refuted by the docket in the state court lawsuit.[3]  At the time of the summary judgment proceedings in the state court lawsuit, Plaintiff (who was the defendant in that case) was represented by an attorney (Patrick Giunta).  In fact, on January 12, 2024, it was Plaintiff's attorney who filed the Notice of Hearing (Filing # 189687212) for a March 5, 2024 hearing on the motion for summary judgment and two other motions.[4]  And on February 14, 2024,

---

[3] "Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015).

[4] In accordance with Rule 2.540 of the Florida Rules of Judicial Administration, the Notice of Hearing contained the following provision:

> If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator . . . 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Plaintiff's attorney filed a response (Filing # 191946975) to the opposing party's motion for summary judgment. Counsel subsequently appeared at the hearing and even filed a supplemental memorandum (Filing # 194460546) following the hearing (on March 20, 2024). On April 17, 2024, the state court entered summary judgment against Plaintiff (the defendant in that case).[5] But Plaintiff, through his counsel, evidently participated in the proceedings and had a meaningful opportunity to be heard,[6] and no factual allegations in Plaintiff's Amended Complaint in this case plausibly establish otherwise. Nor do any factual allegations in Plaintiff's Amended Complaint show that Plaintiff was denied any accommodation, denied benefits, or discriminated against by reason of his disability. Thus, Plaintiff has failed to plausibly allege any ADA violation.

## B.  SECTION 1983 CLAIM

Plaintiff's section 1983 claim likewise fails given that Plaintiff has failed to include factual allegations to plausibly establish any claim. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted); *see also Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) ("Section 1983 is 'a method for vindicating federal rights elsewhere conferred,' not 'a federalized amalgamation of pre-existing common-law claims.'" (internal citations omitted)). It requires a plaintiff to "identify the specific constitutional right allegedly infringed." *Jones v. Comm'r, Ga. Dep't of Corr.*, 811 F.3d 1288, 1294 (11th Cir. 2016)

---

[5] Plaintiff's attorney in the state court lawsuit filed a motion to withdraw as counsel two days after the entry of summary judgment.

[6] In an order (Filing # 243192206) denying one of Plaintiff's many post-judgment motions to set aside or vacate the judgment against Plaintiff, the state court "noted that the court has previously denied this motion and that the defendant [who is the Plaintiff in this case] was represented by his attorney at the hearing who made argument on his behalf and provided the court with a memorandum of law and written opposition to the motion."

(quoting *Albright*, 510 U.S. at 271).  "To state a claim under 42 U.S.C § 1983, a plaintiff must allege facts showing that the defendant, acting under color of state law, deprived it of a right protected by the Constitution or by a federal statute." *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019); *see also Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." (citations omitted)).

Importantly, Defendant (Broward County) "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  "[A] local government can be liable under Section 1983 if a plaintiff shows that his constitutional rights have been violated because of a government's policy or custom." *Cunningham v. Cobb Cnty., Ga.*, 141 F.4th 1201, 1213 (11th Cir. 2025) (citing *Monell*, 436 U.S. at 694-95).  "To prove a *Monell* claim, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Andre v. Clayton Cnty., Ga.*, 148 F.4th 1282, 1300 (11th Cir. 2025) (quoting *Teel v. Lozada*, 99 F.4th 1273, 1279 (11th Cir. 2024)).

Plaintiff's Amended Complaint fails to include factual allegations to satisfy any of the requirements of a *Monell* claim.  Plaintiff complains that Defendant violated his right to due process because "Defendant, through its policies, practices, and administration of court-related systems, caused:" (a) "Failure to provide notice of hearings"; (b) "Denial of Plaintiff's opportunity to be heard"; and (c) "Entry of judgment without due process of law." [DE 9] ¶ 40.  As discussed in the preceding section, however, Plaintiff's allegation that judgment was entered against him without notice and an opportunity to be heard are plainly refuted by the state court docket, which

8

reveals that Plaintiff was represented by counsel who litigated the state-court summary judgment proceedings on Plaintiff's behalf. *See supra* § A & n.6. And Plaintiff fails to include any *factual* allegations that otherwise suggest – plausibly or otherwise – any due process violation.

Moreover, Plaintiff fails to include any factual allegations regarding Defendant's alleged policies, practices or customs at issue. Instead, Plaintiff's allegations regarding such policies, practices, or customs are entirely conclusory. *See* [DE 9] ¶¶ 40, 46. When I provided Plaintiff with an opportunity to file an amended complaint, I plainly pointed out the foregoing deficiency (and others) to Plaintiff.[7] Yet, Plaintiff has failed to remedy the deficiencies that I noted.[8] Because Plaintiff still fails to state a claim on which relief may be granted, this action should be dismissed.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED** and that all pending motions be **denied as moot**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable

---

[7] *See* [DE 6] at 3 ("Plaintiff alleges in a conclusory fashion that 'Broward County maintained policies or customs demonstrating deliberate indifference to constitutional rights.' *Id.* ¶ 24. However, the Complaint fails to identify the alleged policies or customs, and it fails to include any factual allegations regarding how the unidentified policies or customs demonstrated deliberate indifference to constitutional rights.").

[8] The factual allegations that Plaintiff did add to his Amended Complaint largely seem to concern his dissatisfaction with certain rulings made by the state court. Although Plaintiff asserted in his initial Complaint that this action was not filed to "seek appellate review of a state court judgment," [DE 1] ¶ 4, Plaintiff's Amended Complaint [DE 9] comes close to suggesting otherwise. To the extent Plaintiff is effectively seeking review of the state court's judgment, this action would be barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024) ("Under *Rooker-Feldman*, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994))).

William P. Dimitrouleas, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 1st day of June 2026.

Jared M. Strauss
United States Magistrate Judge